Chen v. Garland

BIA
A097 977 631

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty-two.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

XIU ZHU CHEN,
> *Petitioner*,

v.                                              20-2464
                                                NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, NY.

FOR RESPONDENT:        Brian Boynton, Acting Assistant Attorney General; Bernard A. Joseph, Senior Litigation Counsel; Erik R. Quick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiu Zhu Chen, a native and citizen of the People's Republic of China, seeks review of a July 17, 2020, decision of the BIA denying her third motion to reopen. *In re Xiu Zhu Chen,* No. A097 977 631 (B.I.A. July 17, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and we review a finding regarding country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 168-69 (2d Cir. 2008). We find no abuse of discretion here.

It is undisputed that Chen's 2020 motion to reopen was time and number barred because it was her third motion to reopen, and she filed it 14 years after her removal order. *See* 8 U.S.C. § 1229a(c)(7)(A) (permitting only one motion to reopen), (C)(i) (providing 90-day deadline for motions to reopen); 8 C.F.R. § 1003.2(c)(2) (same). There is an

exception to these time and number limitations where the movant seeks to reopen to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Chen asserted that she became a Christian in the United States and that Chinese authorities were committing an increasing number of human rights abuses against Christians. However, her practice of Christianity is not itself a changed condition. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (explaining difference between a change in personal circumstances and changed conditions needed to excuse limits on motions to reopen). And substantial evidence supports the BIA's conclusion that Chen's country conditions evidence did not reflect a material change in conditions in China. *See Jian Hui Shao*, 546 F.3d at 169.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country

conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007); *see also Jian Hui Shao*, 546 F.3d at 168 (explaining that noncitizen bears a "heavy burden" of proof on a motion to reopen). The BIA compared the country conditions evidence from the 2003 and 2004 to the evidence of conditions in 2018 and 2019 and reasonably concluded that the evidence did not show a material change. State Department reports about conditions in 2003 and 2004 established that government respect for religious freedom was poor, that leaders and regular worshippers in unregistered, house churches were harassed, detained, and physically abused, and that government scrutiny of these churches was intense and widespread. U.S. Dept. of State 2003 Country Reports on Human Rights Practices in China, https://2009-2017.state.gov/j/drl/rls/hrrpt/2003/27768.htm; Certified Admin. Record at 743-46 (2004 State Dep't Report). The 2018 to 2019 evidence reflects new regulations on the ability of these churches to practice, the arrests of practicing

4

Christians and church leaders, and the demolition of churches and religious sites. *See* Certified Admin. Record at 60–61, 164–66, 205, 241, 270. On this record, the BIA reasonably concluded that there had not been a *material* change in conditions as required to excuse the time and number limitations on Chen's motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Jian Hui Shao*, 546 F.3d at 169 (upholding agency's finding of no changed country conditions where the movant "failed to demonstrate a material change in the *substance* of China's population control policy"); *see In re S-Y-G-*, 24 I. & N. Dec. at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late motions of this type.").

Finally, Chen's argument that the BIA ignored evidence is unavailing. "[W]e do not demand that the BIA expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Jian Hui Shao*, 546 F.3d at 169. "Indeed, we presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006).

The BIA considered the evidence Chen submitted with her motion to reopen, as well as the evidence she submitted to the immigration court with her original asylum claim, and it took administrative notice of a State Department report. Nothing "compellingly suggests" that the BIA failed to take into account all of the evidence. *Id.*

In sum, the BIA did not abuse its discretion in denying the motion to reopen as time and number barred because substantial evidence supports its conclusion that Chen failed to establish a material change in conditions for Christians in China. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i), (ii). Accordingly, we do not reach the BIA's alternative conclusion that Chen failed to demonstrate her prima facie eligibility for asylum. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

6

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court